THOMPSON, J.,
on the petition for a rehearing :
I am opposed to a re-hearing, not only because satisfied with the rectitude of the opinion delivered by Judge Tyler, now sought to be reconsidered, in which I concurred, and to which I still adhere, which based the decision upon laches, lapse of time and the statute of limitations, irrespective of the merits, but because I was and still am by no means satisfied of the correctness of the decree of the court below upon the merits. On the contrary, the inclination of my mind is so strong in that direction, so nearly approximating a conviction on which I would, as at present advised, base my judgment if it were indispensably necessary to pass upon the merits, that I should hold there was not such a dealing with the assets disclosed in this case between Taylor and Morris, as to charge or convict either Taylor of a breach of trust, or fraud in fact, or by implication *of law, or Morris of complicity, participation in or connivance at such fraud or breach of trust. Fairly considered, it was a perfectly innocent and bona fide transaction, both on the part of Taylor and Morris, sanctioned after made, if in truth not previously desired and brought about by the sureties of Taylor— and so far from being viewed in the light of a mala fide appropriation by Taylor of the assets of his testator to pay his own personal debt to Morris, ought to be considered as, in truth and in fact it was, an investment by the executor of choses in action belonging to the estate into other choses secured by mortgage on land and slaves — and it certainly, as it seems to me, *815 is a circumstance of not the least importance, that for the choses in action received by Morris, he gave back in exchange to the sureties of Taylor, which is tantamount to giving them back to the estate, a chose, which was a debt of Taylor to Morris, thus amply secured by mortgage on land and slaves. If instead of Taylor’s debt thus secured, Morris had given back the debt of a stranger for the same sum, similarly secured or not secured at all, I presume it would not be pretended that it made Morris liable as for participation in a breach of trust, and the fact that it was Taylor’s own debt, though it alters the force, does not alter the substance of the transaction; both equally repel mala fides and breach of trust. The transaction disclosed in this case, so far from being intended or from operating a diversion of the assets from their legitimate channel and appropriate destination, was calculated to produce the opposite result— to give those interested in the estate better security for their forthcoming when called for' — and was doubtless so intended by Taylor’s sureties, and there is not the least reason to ascribe a different intention either to Taylor or to Morris.